**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

PATRICIA W. SILVEY,
          *Plaintiff-Appellant,*

v.

ELAINE L. CHAO, SECRETARY OF
LABOR, UNITED STATES
DEPARTMENT OF LABOR,
          *Defendant-Appellee.*

No. 02-1065

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CA-01-405-A)

Submitted: June 19, 2002

Decided: June 28, 2002

Before NIEMEYER, WILLIAMS, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

David H. Shapiro, Heidi S. Rhodes, SWICK & SHAPIRO, P.C.,
Washington, D.C., for Appellant. Paul J. McNulty, United States
Attorney, Rachel C. Ballow, Assistant United States Attorney, Alex-
andria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Patricia W. Silvey appeals the district court's order granting summary judgment in favor of Elaine Chao, the Secretary of the Department of Labor ("DOL"), on her race and sex discrimination and retaliation claims in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 1994 & Supp. 2001), and the district court's denial of reconsideration of that order. We affirm.

We review a grant of summary judgment de novo. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate only if there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). We view the evidence in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

We have reviewed the parties' briefs, the joint appendix, and the district court's orders. We conclude the district court properly concluded Silvey failed to establish a prima facie case of race and sex discrimination and retaliation because she failed to demonstrate that her reassignments within the Department of Labor constituted an adverse employment action. *See Von Gunten v. Maryland*, 243 F.3d 858, 865-66 (4th Cir. 2001); *Page v. Bolger*, 645 F.2d 227, 233 (4th Cir. 1981) (en banc).

Silvey also argues the district court failed to address her hostile work environment claim. We assume, *arguendo*, that Silvey's reference to a hostile environment claim in the opening paragraph of her complaint was sufficient to raise a hostile environment claim. Silvey, however, has failed to demonstrate that she was harassed on the basis

of her sex or race, or that the harassment was sufficiently severe or pervasive to alter the terms and conditions of her employment. *See Causey v. Balog*, 162 F.3d 795, 801 (4th Cir. 1998). We therefore affirm the grant of summary judgment in favor of the DOL substantially on the reasoning of the district court. *See Silvey v. Chao*, No. CA-01-405-A (E.D. Va. Nov. 20, 2001 & Jan. 4, 2002).

We deny Silvey's motion for the court to take judicial notice. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*